**Dale HYDE, Plaintiff,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Defendant.**

Civil Action No. H–94–2987.

United States District Court,
S.D. Texas.

Oct. 23, 1996.

Plaintiff pro se.

Sharon Felfe, Assistant Attorney General, Austin, TX, for Defendant.

## OPINION ON JUDGMENT

HUGHES, District Judge.

1. *Introduction.*

Dale Hyde complained that, although others were allowed to meet, his religious group was not allowed to meet when there were fewer than fifteen and when no person from the free world was present as a leader, and he complained that the warden arbitrarily rejected his grievance about his religious freedom. The facts are not reasonably contested, and the state has agreed to the court's remedies for the problems.

2. *Hyde's Complaint.*

Hyde filed a written complaint with the prison about the restrictions on his religious practices. Hyde pointed out to the warden that the members of the Muslim faith were allowed to meet under circumstances that Hyde viewed as more lenient than required for his Jehovah's Witnesses.

The warden's written response was:

Investigation reveals the Muslims are allowed to meet without a representative, due to a law suit they filed and won. The policy states there will be a representative for Jehovah's Witnesses meetings. No one is discriminating against you or anyone. Your grievance is denied.

Citizens and state officials complain about federal judges messing in the operation of state institutions, but a federal judge decreed that the prison would have a written grievance process to eliminate as many lawsuits over operations as possible.

The reason the Muslim experience is not support for Hyde is that the prison populations of Jehovah's Witnesses and Muslims are not similarly situated. The reason, of course, is not because one group has sued; lawsuits have precise facts but they involve principles. The warden's approach to his responsibilities failed in his duty—failed his responsibility to the Constitution, taxpayers, the State of Texas, and Hyde. The warden has an independent, individual duty to know

and to follow the law. The effect of the rejection of the grievance at the highest unit level was a personal loss of religious freedom to Hyde. He could have complained further in the process about both the substance and procedure of the glib denial.

■ Hyde will not have to work for ten work days; this "time off" will count as work time, and it compensates him for his problems with religious meetings.

### 3. Religious Meetings.

Hyde is a Jehovah's Witness. There are about 700 of them in a system of 140,000 prisoners. Hyde has perceived that Muslims are allowed to meet without a leader from the outside world and that sometimes groups smaller than fifteen are allowed to meet. Jehovah's Witnesses are not allowed this latitude. In prison operations this free world leader is an approved religious volunteer. The prison says that among the Jehovah's Witnesses in southeast Texas there is an ample supply of clerics and laymen who will volunteer to conduct meetings but that among the Muslims it has been hard to find a consistent supply of volunteers. A sect that has available leaders is not in the same position as one that does not.

■ When a routinely available approved religious volunteer has for some reason been unavailable to conduct a regularly scheduled religious meeting, the prison has allowed some inmates to meet without that volunteer. When an approved religious volunteer to conduct the meetings for Jehovah's Witnesses is not available for a regularly scheduled meeting, the prison has now agreed to allow them to meet without a volunteer. When a volunteer is reasonably available, the prison will continue to require that one attend.

The same series of steps applies to the size of the groups that are allowed. Hyde and his fellow Jehovah's Witnesses will be allowed to meet in groups of fewer than fifteen under the same circumstances as groups of other religions.

The Constitutions of the United States and of Texas render all government officers—wardens, senators, judges—wholly incapable of defining a religion or its adherents.

■ In the cases of approved religious volunteers and group size, a reasonable accommodation must be made and the same accommodation must be made for all religions that are in the same position. What is reasonable will vary, and what religions are similarly situated is a judgment capable of no precise calculation. The chaplain must ensure that "splinter groups" among inmates exercising their religious beliefs are not compromised simply because they are small; he must ensure that his decisions are based on secular prison management as an administrative officer of the state and not on his own religious tradition. The chaplains will follow their oaths by exercising governmental judgment with clear thoughtfulness.

### 4. Lamar Persists.

This is not in derogation of the existing consent decree about prison desegregation and religious practices entered in Lamar v. Coffield, No. 72 Civ. 1393 (S.D.Tex. July 1977).

### 5. Conclusion.

Extended pleading, summary hearing at the prison, and a hearing to verify the post-hearing resolution of this case have resulted in a clear showing that the inmate was wronged. The state has agreed to a judgment that compensates Hyde for his administrative injury and announces his prospective relief is compelled by law. This will be a final judgment.

### FINAL JUDGMENT

1. Dale Hyde will be allowed by the prison to attend religious meetings of Jehovah's Witnesses on the same conditions as adherents to other similarly situated groups are allowed.

   A. When it is consistent with sound, legitimate prison management, Hyde and other Jehovah's Witnesses may meet when fewer than fifteen of them are attending if other religious groups are allowed to meet in groups smaller than fifteen. The limit of fifteen was set as the largest minimum attendance

level that the prison could lawfully set; the order does not prohibit the prison from allowing smaller meetings.

B. When it is consistent with sound, legitimate prison management, Hyde and other Jehovah's Witnesses may meet without an approved religious volunteer to conduct the meeting if none is reasonably available to attend a regularly scheduled meeting.

2. Dale Hyde will be allowed not to work for ten work days, and the prison will credit him for good time as if he had worked during this time.

3. This order is not in derogation of the existing consent decree about prison desegregation and religious practices entered in *Lamar v. Coffield,* No. 72 Civ. 1383 (S.D.Tex. July 1977).

4. This is a final judgment.